UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL EUGENE REID,              )<br>                                                       )<br>              Plaintiff,                        )<br>                                                       )<br>     vs.                                            )     Case No. 2:14-cv-102-JMS-WGH<br>                                                       )<br>TERRE HAUTE POLICE             )<br>DEPARTMENT, MAYOR DUKE  )<br>BENNETT,                                   )<br>                                                       )<br>              Defendants.                   )<br>                                                       ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted**.

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. §1915(e)(2). Pursuant to that statute, the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Michael Eugene Reid, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on the foregoing screening, the Court finds that Mr. Reid's complaint must be **dismissed**.

First, claims against the Terre Haute Police Department ("THPD") must be **dismissed** because the police department is not a "person" subject to suit under § 1983. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) (municipal police departments are not suable entities). To the extent that it may be assumed that the naming of the THPD is the equivalent of suing the City of Terre Haute, *see Best v. City of Portland*, 554 F.3d 698, 698 fn* (7th Cir. 2009), all claims against the THPD must still be **dismissed**. Although a municipality is a "person" subject to suit under ' 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipality can be found liable under ' 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91. The plaintiff has alleged no municipal policy or custom concerning any constitutional violations. Thus, he has failed to state a claim upon which relief can be granted as to any municipal defendant.

Mr. Reid's claims against Mayor Duke Bennett must also be **dismissed**. The reason for this ruling is that there is no allegation that Mayor Bennett was personally involved in the alleged violations of the plaintiff=s federally secured rights, and without such an allegation there could be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each

defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell,* 436 U.S. 658).

### III.

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted as to any of the defendants and must therefore be dismissed pursuant to § 1915(e)(2). The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Instead, Mr. Reid shall have **through May 12, 2014,** in which **to file an amended complaint**.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought.

**IT IS SO ORDERED.**

Date: 04/11/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Eugene Reid
615 Cherry
Apt. 502
Terre Haute, IN 47807